

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2004

# Kidd v. MBNA Amer Bank NA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kidd v. MBNA Amer Bank NA" (2004). *2004 Decisions.* Paper 915.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/915

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-4011

ALERO A. KIDD,
Appellant

v.

MBNA AMERICA BANK, N.A.
Appellee

Appeal from the final order entered on September 30, 2002 in the
United States District Court for the District of Delaware
Civil Action No. 01-205
District Court: The Hon. Sue L. Robinson

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 3, 2003

Before: McKEE and SMITH, <u>Circuit Judges</u> and WEIS, <u>Senior Circuit Judge</u>.

(Filed   March 25, 2004)

OPINION

McKEE, <u>Circuit Judge</u>.

Plaintiff, Alero Kidd appeals the district court's grant of summary judgement for

the defendant, MBNA America Bank.  Kidd sued her employer, MBNA, alleging that it

denied her various promotions and transfers because of her race[1], sex, age and/or in

---

[1] In Kidd's original complaint, she based her charges of discrimination on national origin instead of race.  For purposes of the motion for summary judgment, MBNA did not contest that Kidd had exhausted her administrative remedies with respect to her claims of racial discrimination.

retaliation for having raised discrimination claims. Kidd also alleged discriminatory harassment and a hostile work environment.

## I.

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. Our review of the district court's grant of summary judgment is plenary. We apply the same test the district court should have applied initially. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). "We must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence." *Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133, 135. (1986).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. To be a genuine issue, the evidence must be "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

## II. Discrimination Claims

Disparate treatment claims brought under Title VII and the ADEA[2] are analyzed

using the burden shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411

U.S. 792 (1973). Under this analysis, the plaintiff must first make a prima facie showing

of discrimination by establishing that (i) she belongs to a protected class; (ii) she applied

for and was qualified for a job the employer was trying to fill; (iii) though qualified, she

was rejected; and (iv) circumstances give rise to an inference of unlawful discrimination

such as might occur when the position is filled by a person not of the protected class.

*Jones v. School District of Philadelphia,* 198 F.3d 403 (3d. Cir. 1999).

Once the plaintiff has established a prima facie case of discrimination the burden

shifts to the defendant "to articulate some legitimate nondiscriminatory reason for the

employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802. The burden

then shifts back to the plaintiff who must show that the nondiscriminatory reason

articulated by the defendant is in fact a pretext for discrimination. *Id.* at 804.

To avoid summary judgment in a Title VII or ADEA action after the employer has

proffered a legitimate, nondiscriminatory reason for an adverse employment action, the

plaintiff must produce evidence which: (1) casts sufficient doubt upon each proffered

---

[2]Although this analysis was originally formulated for cases brought under Title VII it has been adapted for use in ADEA cases as well. *See eg.*, *Maxfield v. Sinclair International*, 766 F.2d 788 (3d Cir.1985)

reason so that a fact finder could reasonably conclude that each reason was fabrication, or (2) allows a fact finder to infer that discrimination was more likely than not a motivating or determinative cause of action. *See Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994). This burden is met through a demonstration that such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action are such that a reasonable factfinder could rationally find them 'unworthy of credence'" *Id.*

We find that Kidd only established a prima facie in one instance of denial of promotion; the S.A. Coach position. We agree with the district court's determination that Kidd failed to provide any evidence that similarly situated persons not in a protected class were treated more favorably in any of her other denials of promotion. Kidd is a member of a protected class, and was rejected for various positions, however, the circumstances do not give rise to an inference of discrimination even when viewed in a light most favorable to Kidd.

Although Kidd did establish a prima facie case of discrimination with regard to the S.A. Coach position, MBNA provided a legitimate nondiscriminatory business reason for its decision. *Fuentes v. Perksie* 32 F.3d 759 (3rd Cir. 1994). MBNA explains her disparate treatment by asserting that it merely made a mistake and forgot to check the corrective action status for the employee promoted to the S.A. Coach position. Kidd fails to respond to that explanation with anything that would create an issue of fact as to

4

pretext for discrimination.

Left unrebutted, the fact that MBNA claims it made a mistake on one employee's application does not suggest a weakness, implausability or incoherency in MBNA's proffered explanation. Therefore, we find there is no genuine issue as to any material fact regarding MBNA's failure to promote Kidd.

### III. Retaliation Claim

Like discrimination claims brought under Title VII and the ADEA, in order to establish a prima facie case of retaliation, a plaintiff must demonstrate that: (i) she engaged in protected activity; (ii) the defendant took adverse employment action against her; and (iii) a causal link exists between the protected activity and the adverse action. *Kachmar v. Sungard Data System* 109 F.3d 173 (3d Cir. 1999). In support of her claim, Kidd asserts that she overheard managers discuss the complaint she made to the EEO. However, she failed to present any evidence to link these managers to MBNA's decision not to promote her. Accordingly, she did not show the required causal link between her complaint and MBNA's subsequent denials of promotion.

### IV. Hostile Work Environment

In order to establish her claim for employment discrimination due to a hostile work environment, Kidd had to establish, (1) that she suffered intentional discrimination because of race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable

person of the same race in that position; and (5) the existence of respondent superior liability. *See Aman v. Cort Furniture*, 85 F.3d 1074, 1081 (3d. Cir. 1996), *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 753 (3d Cir.1995). In analyzing a hostile work environment claim, we must look at the totality of the circumstances including the frequency of the conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the work performance of the employee. *Id.*

Kidd presents evidence that a male co-worker made several disparaging remarks to her which referenced her national origin and that he made other threatening comments including references to a gun.

The comments were certainly obnoxious and had no place in the work environment. However, these comments by a single coworker do not establish that discrimination was pervasive and regular. Although Kidd argues that the harassment she suffered was continuous and lasted until her co-worker was terminated, she only presented evidence of a few isolated incidents. That is insufficient to establish a cause of action for a hostile work environment under Title VII.

**III.**

For the above reasons, we will affirm the ruling of the district court.